**OREGON NATURAL DESERT ASSOCIATION; Oregon Natural Resources Council Fund, Plaintiffs–Appellants,**

v.

**UNITED STATES FOREST SERVICE; United States Fish and Wildlife Service; Karen Shimamoto, Defendants–Appellees,**

and

**Fremont–Winema Grazing Association, Defendant–Intervenor.**

No. 07–35559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Dec. 16, 2008.

David Harrison Becker, Oregon Natural Desert Association, Ralph Owen Bloemers, Cascade Resources Advocacy Group, Courtney Johnson, Christopher Winter, Peter MacNamara Lacy, Senior, Oregon Natural Desert Association, Portland, OR, for Plaintiffs–Appellants.

Aaron Peter Avila, Andrew Christopher Mergen, Esquire, U.S. Department of Justice, Washington, DC, James L. Sutherland, Esquire, Stephen John Odell, Assistant U.S., Office of the U.S. Attorney, Val J. Black, Esquire, Office of the General

Counsel, Portland, OR, for Defendants–Appellees.

Daniel E. O'Leary, Esquire, Matthew D. Larson, Esquire, Davis Wright Tremaine LLP, Portland, OR, for Defendant–Intervenor.

Before: O'SCANNLAIN, GRABER, and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts and procedural history of this case are known to the parties, and we do not repeat them here. Plaintiffs-appellants Oregon Natural Desert Association and Oregon Natural Resources Council Fund (collectively "ONDA") appeal the district court's order dismissing ONDA's four claims that the United States Forest Service violated the National Forest Administration Act ("NFMA") in authorizing grazing on eleven allotments in the Fremont National Forest. We affirm in part, reverse in part, and remand for further proceedings.

The NFMA does not confer a private right of action, and therefore, judicial review of agency actions under that statute is governed by the Administrative Procedure Act ("APA"). *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065, 1067 (9th Cir.2002). When, as here, judicial review is sought under the APA rather than pursuant to specific authorization in the underlying substantive statute, the person claiming a right to sue must identify "agency action" that has injured that person, and the agency action in ques-

tion must be final. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

The district court erred in concluding that claims one and three of ONDA's first amended complaint are not reviewable under the APA. Both claims challenge the Forest Service's issuance of grazing permits and annual operating instructions ("AOIs") on eleven land allotments in the Fremont National Forest; in substance, the claims allege that the Forest Service's failure to follow the land and resource management plan applicable to the Fremont National Forest renders these specific grazing authorization documents unlawful. The district court initially concluded that the issuance of an AOI does not constitute "final agency action" for purposes of the APA. While the instant case was still pending in the district court, however, we held that AOIs do in fact constitute final agency actions. *See Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 990 (9th Cir.2006).

On reconsideration, the district court nonetheless held claims one and three jurisdictionally barred, reasoning that ONDA's NFMA claims constitute non-justiciable programmatic attacks barred by the Supreme Court's analysis of the APA in *Lujan*. However, these claims in fact challenge only a discrete set of final agency actions on a small percentage of the land allotments in a single forest area. *See, e.g., Lujan*, 497 U.S. at 890 n. 2, 110 S.Ct. 3177. (noting that a person adversely affected by a specific final order or regulation could bring a challenge under the APA even if, as a practical matter, judicial consideration of that order or regulation would affect the entire "land withdrawal

---

* This disposition is not appropriate for publication and is not precedent except as provided
by Ninth Circuit Rule 36–3.

review program"); *Cuddy Mountain*, 303 F.3d at 1067 ("[M]onitoring and management practices are reviewable when, and to the extent that, they affect the lawfulness of a particular final agency action."). These claims thus do not constitute impermissible programmatic attacks under *Lujan*, and we reverse the district court's decision to the contrary.

By contrast, the district court correctly dismissed claims two and four of ONDA's first amended complaint. Although both of these claims refer obliquely to the grazing documents challenged in claims one and three, ONDA itself admits that claims two and four do not challenge specific agency actions but, rather, allege a pattern, practice, and policy of violating the NFMA. Indeed, a contrary interpretation of claims two and four would render them entirely superfluous, since claims one and three challenge discrete final agency actions based upon the same theories set forth in claims two and four. These claims are not reviewable because, even if ONDA's allegations are true, any pattern, practice, or policy of the Forest Service that is inconsistent with the NFMA is not itself a final agency action within the meaning of the APA. *See, e.g., Ecology Ctr., Inc. v. U.S. Forest Serv.,* 192 F.3d 922, 925 (9th Cir.1999). Accordingly, we affirm the district court's dismissal of these claims. Each party shall bear its own costs and fees on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.